IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:09-CV-89-H

CAMILLA THOMPSON, et al.,       )
                                )
    Plaintiffs,                 )
                                )
                                )
                                )
v.                              )
                                )   **ORDER**
                                )
                                )
BANK OF AMERICA, et al.,        )
                                )
    Defendants.                 )

This matter is before the court on motions to dismiss filed by defendants Branch Banking and Trust Company [DE #44]; Bank of America [DE #47]; Maryville Partners, Inc. [DE #50]; R.A. North Development, Inc., R.A. North Development I, Inc., Randolph Allen, William Allen and Southeastern Waterfront Marketing, Inc. [DE #57]; Carolina First Bank [DE #68]; RBC Bank (USA) [DE #71]; Craven's Grant Homeowner's Association, Inc. [DE #76]; and SunTrust Bank [DE #157]; and on plaintiffs' multiple motions for leave to amend their complaint [DE #129, 238 & 251] and plaintiffs' motion to vacate their voluntary dismissal with prejudice of Richard Mace Watts [DE #211].

On February 24, 2011, United States Magistrate Judge William A. Webb filed a Memorandum and Recommendation ("M&R"), recommending that the motions to dismiss be granted and that plaintiffs' motion for leave to file a third amended complaint [DE #129], plaintiffs' motion for leave to amend to correct a misnomer [DE #238][1] and plaintiffs' motion to vacate the voluntary dismissal of Watts be denied. (Mem. & Recommendation [DE #254].)[2]

Plaintiffs object to the M&R, arguing that it failed to adequately address the allegations of plaintiffs' proposed third amended complaint, focusing instead on the sufficiency of the allegations contained in plaintiffs' second amended complaint. Plaintiffs contend this is error, especially since the allegations in their third amended complaint (and their motion for leave to amend) are based on newly discovered evidence demonstrating that "the Defendants knew of and participated in the scheme to churn lots at artificially inflated prices for

---

[1]Plaintiffs' motion for leave to amend filed at DE #251 was not before Judge Webb.

[2]The M&R also addressed a number of motions pending in 2433 South Blvd., LLC, et al. v. Bank of America, et al., No. 7:10-CV-28-H (E.D.N.C.), and recommended that this action and the 2433 South Blvd. action be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The court will address the 2433 South Blvd. motions, as well as the issue of consolidation, by separate order entered in due course.

2

financial gain." (Plfs.' Obj. Mem. & Recommendation [DE #259] at 8.) Relying on a number of emails procured by plaintiffs' counsel as a result of discussions with Richard Mace Watts,[3] plaintiffs argue that the proposed third amended complaint asserts viable, plausible claims that Bank of America and the other lenders "actively participated with the other Defendants to procure knowingly inflated appraisals" used to defraud the plaintiffs. (Plfs.' Obj. Mem. & Recommendation at 12.)

The court agrees with Judge Webb that plaintiffs' claim (as stated in all versions of plaintiffs' complaint) against the "Lender Defendants" under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq., ("ILSA") fails to state a claim for relief. ILSA applies to developers and their agents, not financial institutions. See 15 U.S.C. §§ 1703(a) (prohibiting enumerated activities by "developer or agent"), 1709(a) (authorizing civil action against a "developer or agent" for violation of § 1703(a)). It is only where a financial institution acts beyond its ordinary course of dealing as a lending institution and participates in the actual development,

---

[3]This court previously found that plaintiffs' counsel violated Rule 4.2(a) of the North Carolina Revised Rules of Professional Conduct by communicating directly with Watts about matters for which Watts had secured legal representation. As a consequence of the unethical behavior, counsel received a written reprimand and a monetary sanction. (See Disciplinary Order [DE #237].)

3

marketing or sale of property that liability may arise under ILSA. Cumberland Capital Corp. v. Harris, 621 F.2d 246, 250-51 (6th Cir. 1980); Feeley v. Total Realty Management, 660 F. Supp. 2d 700, 709-710 (E.D. Va. 2009). Although plaintiffs assert that the lender defendants are developers within the meaning of ILSA, they fail to allege sufficient facts to support such a finding.

Plaintiffs' claims for negligent misrepresentation, negligence, and violation of North Carolina's Mortgage Lending Act and South Carolina's Licensing of Mortgage Brokers Act also fail. The Mortgage Lending Act, which has since been repealed, prohibited lenders from engaging in certain activities, such as fraud or the misrepresentation or concealment of material facts "likely to influence, persuade or induce an applicant . . . to take a mortgage loan." N.C. Gen. Stat. § 53-243.11(1), (8) (repealed eff. July 1, 2009). South Carolina's Licensing of Mortgage Brokers Act provides similar prohibitions on fraud and misrepresentation by lenders. See S.C. Code Ann. § 40-58-70. However, neither of these acts provides a private right of action. See Ahmed v. Porter, No. 1:09-CV-101, 2009 WL 2581615, at *24 (W.D.N.C. 2009) ("[T]he court cannot find a reported case in which it was held that [the Mortgage Lending Act] provides a

4

private cause of action."); S.C. Code Ann. § 40-58-80 (preserving statutory and common law rights).

To the extent the Mortgage Lending Act may have created a duty of care that could form the basis of a negligence or negligent misrepresentation claim, plaintiffs have failed to allege sufficient facts to support such a claim. Throughout their complaint, plaintiffs assert they were injured by the intentional and fraudulent conduct of the defendants. At no point do plaintiffs allege any facts to support a finding that any of the defendants <u>unintentionally</u> breached any duty owed to plaintiffs.

The court also agrees with Judge Webb that plaintiffs' second amended complaint is deficient in a number of other respects. As noted in the M&R, the second amended complaint is "replete with conclusory allegations which lump together numerous banks through the group-pleading designation 'Lender Defendants'" and, as such, "fails to satisfy the [particularity] requirements of Rule 9(b)." (M&R at 14.) Were the court's review limited to plaintiffs' second amended complaint, dismissal of plaintiffs' claims against these defendants would be appropriate.

However, since the filing of the motions to dismiss presently before the court, plaintiffs have twice moved to amend

5

their complaint based on what they contend is newly discovered evidence. By way of their proposed third amended complaint, plaintiffs seek to remedy some of the deficiencies of their first three complaints,[4] to reinstate their claims against Richard Mace Watts (a previously named defendant whom plaintiffs dismissed with prejudice), and to add a civil RICO claim against all of the named defendants. In their motion for leave to file a fourth amended complaint, plaintiffs purportedly seek permission to add yet another claim alleging that defendants William G. Allen and R.A. North conspired with Minok L. Allen (the wife of William G. Allen) and MLA Income Properties to violate the Uniform Fraudulent Transfer Act, N.C. Gen. Stat. § 39-23.1 et seq. ("UFTA"). The proposed complaint attached to plaintiffs' motion includes not only the proposed UFTA claim but also seeks to hold Minok L. Allen and MLA Income Properties liable on plaintiffs' ILSA and RICO claims.

---

[4] For example, plaintiffs now allege that each of the plaintiffs rescinded their contract within two years. These allegations are no doubt a response to defendants' motions to dismiss plaintiffs' ILSA rescission claims as barred by the statute of limitations. (See, e.g., Maryville's Mem. Supp. Mot. Dismiss [DE #51] at 10 ("The Second Amended Complaint fails to allege that any Plaintiff revoked their contract to purchase the property in Cravens Grant within two years.").)

6

For sure, none of plaintiffs' complaints or proposed complaints has been a model of clarity.[5] Plaintiffs fail to specifically identify what acts were allegedly performed by which defendants, resorting instead to pleading that certain groups of defendants (e.g., "Defendant Lenders," "Developers," "the Allen Enterprise") engaged in the allegedly injurious conduct. Nevertheless, the court is unable to say that plaintiffs have failed to adequately state a plausible claim against any of the defendants in this case. At least as to defendant Bank of America, plaintiffs' recent filings have included more specific facts to support their alleged fraud and conspiracy claims.

It is for this reason that the court has decided to grant plaintiffs one final opportunity to amend their complaint in order to restate any remaining claims with sufficient particularity. The court warns plaintiffs that wholesale blanket assertions of wrongdoing, such as those recently alleged against Minok L. Allen and MLA Investment Properties, will not

---

[5] In fact, the record in this case is replete with irregularities in plaintiffs' filings, including plaintiffs' filing of a "Second Amended Complaint" without leave of court, the filing of numerous "corrections," the filing of two different versions of a proposed fourth amended complaint, plaintiffs' failure to attach exhibits to their third and fourth proposed amended complaints, and misrepresentations made by plaintiffs' counsel during this court's investigation of ethical violations by counsel.

7

suffice. In order to avoid subsequent dismissal, plaintiffs must state with sufficient particularity the facts upon which plaintiffs seek to hold each of the defendants liable. Absent exceptional circumstances, further amendment will not be allowed. Following plaintiffs' amendment, defendants will have an opportunity to answer or otherwise respond to plaintiffs' claims as provided by the Federal Rules of Civil Procedure.[6]

Finally, the court addresses plaintiffs' motion to vacate the voluntary dismissal of Richard Mace Watts. Watts is a former employee of Southeastern Waterfront Marketing, Inc., who was originally named as a defendant to this action. In January 2010, plaintiffs voluntarily dismissed with prejudice their claims against Watts. Relying on Rule 60(b) of the Federal Rules of Civil Procedure, plaintiffs now seek to reinstate Watts as a defendant. Judge Webb concluded that plaintiffs have failed to meet Rule 60(b)'s standard. The court agrees and, therefore, DENIES plaintiffs' motion [DE #211].

## CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part the motions to dismiss filed by Branch Banking and Trust Company of South Carolina [DE #44]; Bank of America [DE #47]; Maryville Partners, Inc. [DE #50]; R.A. North

---

[6]Any arguments previously made for dismissal of plaintiffs' claims may be renewed if deemed appropriate by defendants.

8

Development, Inc., R.A. North Development I, Inc., Randolph Allen, William Allen and Southeastern Waterfront Marketing, Inc. [DE #57]; Carolina First Bank [DE #68]; RBC Bank (USA) [DE #71]; SunTrust Bank [DE #157]; and Craven's Grant Homeowners Association, Inc. [DE #76]. Pursuant to Rule 12(b)(6), the following claims are DISMISSED for failure to state a claim upon which relief can be granted:

    1. Plaintiffs' ILSA claims against Branch Banking and Trust Company, Bank of America, Carolina First Bank, RBC Bank (USA) and SunTrust Bank;

    2. Plaintiffs' negligent misrepresentation claims against Branch Banking and Trust Company, Bank of America, Maryville Partners, Inc., R.A. North Development, Inc., R.A. North Development I, Inc., Randolph Allen, William Allen and Southeastern Waterfront Marketing, Inc., Carolina First Bank, RBC Bank (USA), Craven's Grant Homeowner's Association, Inc., and SunTrust Bank;

    3. Plaintiffs' North Carolina Mortgage Lending Act claims against Branch Banking and Trust Company, Bank of America, Maryville Partners, Inc., R.A. North Development, Inc., R.A. North Development I, Inc., Randolph Allen, William Allen and Southeastern Waterfront Marketing, Inc., Carolina First Bank, RBC Bank (USA), Craven's Grant Homeowner's Association, Inc., and SunTrust Bank;

    4. Plaintiffs' South Carolina Licensing of Mortgage Brokers Act claim against defendant Maryville Partners, Inc.;

    5. Plaintiffs' negligence claim against Branch Banking and Trust Company, Bank of America, Carolina First Bank, RBC Bank (USA) and SunTrust Bank.

Plaintiffs' motions for leave to amend [DE #129, 238 & 251] are GRANTED insofar as plaintiffs shall have thirty (30) days from the date this order is entered to amend their complaint under the terms set forth herein. Plaintiffs' motion to vacate the voluntary dismissal with prejudice as to Richard Mace Watts [DE #211] is DENIED.

This 29th day of March 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

10